O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1465 AHM (PLAx) | Date | April 23, 2010 |
|---|---|---|---|
| Title | SANTA MONICA BAYKEEPER, *et al.* v. CITY OF MALIBU | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

The Court ORDERS each side to file a single document not to exceed eight pages answering the following questions by 8:30 a.m. on Monday, April 26, 2010. The parties shall also provide a chambers copy of their filings by that time.

## I.   Overarching Questions

1)   *Both sides:* Isn't there a genuine dispute of material fact as to whether the City is currently discharging pollutants in excess of water quality standards, following the completion of the Civic Center Stormwater Treatment Facility in 2007?  *See* D's SGI ¶ 2 (Plaintiffs' response to the SGI only serves to underscore the dispute.)  If there is a factual dispute on this central issue,[1] why should summary judgment not be precluded for both sides on all of the claims?  If not all, which claims are ripe for summary adjudication?

2)   *Plaintiffs:*  For which claims was data establishing exceedances collected at a City-owned or operated outflow?

## II.   Notice

3)   *Malibu*: Why is your argument about inadequate pre-litigation notice not

---

[1]It is central in part because a violation must be ongoing, and not "wholly past," in order for a plaintiff to be able to maintain a citizen suit under the CWA.  *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 58-59 (1987).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1465 AHM (PLAx) | Date | April 23, 2010 |
|---|---|---|---|
| Title | SANTA MONICA BAYKEEPER, *et al.* v. CITY OF MALIBU | | |

foreclosed by this Court's decisions that notice was adequate in the companion County case [08-1467], specifically the June 20, 2008 Order at 3-4 and the March 2, 2008 Order at 8? Aren't three of the four notices actually the same documents?

### III.     Motion to Strike

4)      *Plaintiffs:* A nuisance *per se* theory is grounded in state law.  But your First Amended Complaint (FAC) explicitly bases your nuisance claim (claim three) on the Permit and the federal Clean Water Act, 33 U.S.C. §§ 1311(a) and 1342(p), which require proof of different elements than does a nuisance *per se* claim.  Nor have you invoked supplemental jurisdiction over state claims in your FAC.  Why, then, should you be allowed to proceed on a state law theory of nuisance in your motion for summary judgment?

### IV.     Claim One [Exceedances at Surfrider Beach and Malibu Creek]

5)      *Plaintiffs:* Have you abandoned your claims with respect to exceedances in Malibu Creek?  Footnote 1 on page 5 of your Opposition to the Defendant's MSJ seems to suggest you have, but ¶ 39 of your SGI suggests you have not.

6)      *Malibu:* With respect to the Surfrider Beach claim, assuming the Court applies the reasoning in its March 2 Order in the County case at 14-15 (that the co-permittees are jointly responsible for exceedances and that once the Regional Board has issued an NOV, a permittee must show it is not responsible for exceedances in order to not be held liable for a violation of the Permit), is there any basis to distinguish Malibu from the County and District so as not to hold it liable?

### V.      ASBS Claim (claim two)

7)      *Malibu:* Assuming that the Court applies the reasoning in its March 2 Order in the County case at 15-17 (that the ASBS waste discharge provision has been incorporated into the Permit and that a pending application for an exemption does not preclude liability), is there any basis to distinguish Malibu from the County and District so as not to hold it liable?  What disputes exist as to the validity of the monitoring data and as to the ownership of the drains monitored?

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1465 AHM (PLAx) | Date | April 23, 2010 |
|---|---|---|---|
| Title | SANTA MONICA BAYKEEPER, *et al.* v. CITY OF MALIBU | | |

## VI.   Nuisance Claim (claim three)

8)   *Plaintiffs:* Assuming the Court rejects your nuisance *per se* arguments in your motion papers, have you established that Malibu's conduct qualifies as a nuisance under the definition on page 64 of the Permit (Gaur Decl. at 86)? What authority do you have for the proposition that Malibu would be "responsible for" the discharges in question under Part 2.2 of the Permit at 23 (Gaur Decl. at 45)?

## VII.   RWL Monitoring Reports (claim four)

9)   *Both sides:* Isn't there a factual dispute as to the adequacy of Malibu's 2008 and 2009 RWL reports that would preclude summary judgment for either side on this claim?

10)   *Plaintiffs:* The monitoring data that the Regional Board utilized in its March 2008 NOV that put Malibu on notice of violation (Gaur Decl., Ex. N) consisted of data collected before the Civic Center Stormwater Treatment Facility went online, correct? What provisions require Malibu have been required to propose additional remedial measures in its RWL Reports?

11)   *Plaintiffs:* Did the Regional Board notify the City that it was causing or contributing to exceedances of water quality standards before the March 2008 NOV (Gaur Decl., Ex. N)? The October 2004 letter regarding the ASBS requirements does not refer to the Permit or directly say that Malibu is causing or contributing to exceedances. *See* Gaur Decl., Ex. UU.

|   | : |   |
|---|---|---|
| Initials of Preparer | SMO | |